We have four argued cases this morning. The first is number 17-1649 Finisar Corporation v. Nistica. Mr. Radulescu, is that how you pronounce it? Correct, Your Honor. Thank you. Ready? If you are. I am. May it please the court. The proper construction for the term focusing in the 599 patent is causing to converge in at least one dimension. I thought from the spelling it was focusing. In Australia, it's focusing. In the US, it's focusing. The inventor is from Australia, so he spells it with a double F. With respect to under Markman, it's the court's duty and role to not only construe the meaning of the term focusing, but also the scope. That certainly is true as a general matter. The question is whether your request for construction here came too late, years after the Markman hearing. As I read the district court decision, she said, among other things, that the request was untimely. Why did it take two and a half years to come up with this construction? Apparently, you were aware of the issue long before you actually asked for the construction. What was the excuse for not doing it earlier? What matters is that there was a construction. There was a Markman hearing. There was a briefing. There was briefing on the construction just prior to the second trial. When the court undertook the duty to construe this element and this dispute, she was obligated to not move it. You're not answering my question. This was not something that just happened on the eve of the second trial. You were aware for a long time that this difference between the parties existed as to the construction, and yet there was no request for the claim construction that you're now urging on us. The dispute over the scope came up for the first time in response to Finisar's summary judgment motion where we argued that the scope of this term and the meaning of this term should be given its full scope. We didn't ask for a construction. We didn't ask for a construction because it was too late for NISTCA to try to now argue the scope should be confined and restricted to something other than the plain language in this specification and in the claims. I don't understand what you're saying. Why, when this came up at summary judgment, didn't you ask for a construction that said focusing in one dimension was sufficient? That's, in fact, what we argued, that focusing in at least one dimension… You argued that was the meaning of the term. You did not ask for a different claim construction until much later. We asked for a construction of the meaning, and we asked for a construction of the scope because it was NISTCA that was arguing, even though… At the summary judgment stage, did you ask for a new claim construction that would require focusing only in one dimension? In the JMOL order, the court characterized… Where are you in the record, please? So I'm at JMOL appendix 14 where the court makes clear that Finisar… Appendix 14? Appendix 14 indicated that Finisar argued, this is SJ, that focusing meant to bring to focus, causing to converge, and argued that it required convergence in only one dimension. So we were arguing full scope because NISTCA was trying to argue… My question is where did you ask that the claim construction be changed? Well, the claim construction should be causing to converge. It's plain and ordinary meaning in the context of this patent means causing to converge. It's not the same thing as asking for the claim construction to be changed. We're talking about a claim construction usually adopted at the Markman hearing, which is going to govern the proceedings, and the jury is going to be charged in terms of that. You need to ask, if you don't like the claim construction, to have it changed. You certainly argued that your view of the patent was that focusing in one dimension was sufficient. What you didn't do is say, please change the claim construction to read this way. Yeah, at that time, in connection with summary judgment, prior to that time, the term focusing should be construed in the context… At the J-Mall stage post-trial? We had a separate Markman hearing just prior to the second trial where she undertook the claim construction process to construe this term. Prior to the second trial, we went to trial… Is that the place in the record where you first made the precise claim construction? The precise claim construction you now argue for on appeal? It's been the same construction… Let's start over again. The actual articulation of the construction that you wanted for the term focusing all along before the first trial was the idea of causing to converge, stop, period. That's the end. Correct. Then you had your own preferred conception of what that meant. Your preferred conception would be that as long as there's some kind of converging going on in a single dimension, that is good enough. But that is not what you actually argued for, for your articulated preferred construction. Your construction was nothing more than the broader basic idea of converging. Is that a fair understanding? That's not a fair understanding because… Where in the record did you say for your markman that you wanted the word focusing to mean… Focusing means converging in a single dimension. That is our proposed construction. That's what we want you, Judge, to adopt as the articulated claim construction for the word focusing. Where is that? It's the same position. Where is it? In the summary judgment briefing and, again, the court's appendix 28-153. And I'll read the quote from the summary judgment briefing. What line are you on? Is it volume one? Yeah. Yes. Sorry. I assume you're starting at six, but I want to know. Yeah. The Statistical Efforts to Restrict Focusing, and I've got to find it on this page. And I can't find it right now. If I could get help with the line number. Look at page line seven where the sentence begins. What page are we on? 28-153. 28-153. The very top line of that page actually indicates that the Statistical Efforts to Restrict Focusing, to only focusing in both dimensions and to the exclusion of cylindrical ends, should be rejected. That was the position. But you didn't ask to have the claim construction changed. I mean, this is the sort of thing that's really important in these cases, is to have a specific construction, which is what district judges do routinely, and then the jury is charged in terms of the construction. It doesn't help anyone to argue that construction means something different than what it is unless you ask the judge to specifically change the language of the claim construction. That you didn't do until June of 2016, right? In connection with SJ, we said no further construction. Right. You said at line 20 of 28-153, the proper definition of focusing, as the term is used in Claim 24, is the plain and ordinary meaning. And then at the top of 28-154, line 2, plain and ordinary meaning of focusing, is to bring back to a focus causing to converge, period. That's our position. That's right. And my point is, and this is where we started with Judge Dyke at the very beginning of your argument, we were asking, did you in fact argue for just a single dimension to be included in the construction of the word focusing? And you said yes, and then that's why we've been spending the past nine minutes trying to explore that. Now we see, oh, it's not. It never was. You didn't ask for the construction to include the words in a single dimension. Is that fair to say? Until June of 2016. Is that fair to say? We argued no construction. It's too late to assert a defense based on some interpretation of this word. That's correct. But we also argued that their effort to restrict the scope to focusing in both dimensions is inconsistent with how this specification uses the term, given that the court needs to construe based on its plain and ordinary meaning in the context of this patent. So in summary judgment, we said don't do it. Don't allow this. This is not particularly productive. Let's assume that our view is correct and that you didn't ask to have the actual construction changed to say that it didn't require focusing in both directions. It only required focusing in one direction. Let's assume that you didn't ask for that until June of 2016. Correct. Why under those circumstances shouldn't you be barred from objecting to the court's rejection of that that late in the proceedings? So at that point she decided that she would construe. She decided that she's going to take this term focusing and construe it. And at that point we have an attempt. She also said it was untimely. But what matters is that she did it eventually. She did her claim construction. No, it doesn't necessarily mean that we can't hold you to the fact that it was untimely. Why wasn't it untimely to raise that years after the markment in 2016? Because we were arguing for plain and ordinary meaning in the context of this patent. There's no need to further restrict it. Plain and ordinary meaning in the context of this patent means causing to converge. And in the context of this patent, the scope, the dispute over scope, clearly should cover various types of causing to converge. And in fact, the dispute was whether the scope should cover as broad as you would articulate based on the meaning of causing to converge, focusing or converging in at least one dimension. That's unrestricted. That's no restriction on the scope of these claims. It's either focusing in one dimension or focusing in two dimensions. There's something wrong with a district court saying you knew about this issue for years, and you didn't ask for a change in the claim construction. And therefore, you're barred from challenging the claim construction and asking for a new construction that you could have asked for earlier. Is there anything wrong with that? There is something wrong with it. Because it was Nistica that injected this defense that the scope is somehow now disputed. And we told her at summary judgment, which I'm not going to go through again, but we went through a first trial without a construction, and then she realized she had to do a construction. There was clearly a dispute only over the scope. There was no dispute that the accused products converge. They, in fact, admitted their product converges. The dispute is over does converging in at least one dimension, is that good enough to fall within the scope of the claim? If it diverges in the other dimension. It doesn't matter what it does in the other dimension, given that in this specification, focusing is referring to focusing to achieve these elongated signals, which you do by converging the light. The claim refers to the elongation. The purposes of the focus is to, in fact, converge the light to get the elongated signals. And therefore, given that the patent only describes two embodiments where they're one dimensional focusing, they converge in one dimension. Even if we were to reach the claim construction question and agree with you that focusing basically means converging. You don't have anything in the spec that actually describes what does it mean to focus the wavelength signal itself as opposed to focusing a particular dimension of the wavelength signal. And so that's what I saw in your specification. And that's why I was sympathetic with the judge below in trying to figure out what does it mean to focus the wavelength signal as a whole. Can it be enough to just focus in one dimension? Even if there is a dramatic, crazy amount of divergence in the other dimension, should that be enough to say that you have accomplished focusing of the signal itself? I think there was nothing in the specification that said one way or another, which I can understand why it caused her to provide something of a limited construction rather than the kind of very, very detailed construction you wanted for the wavelength signal itself. The specification only describes focusing in one dimension. With respect to the other dimension, it teaches collimation. That's true, but now you have claims for focusing in one dimension. And then you have this claim, the claim that you've asserted here, which is not about focusing in one dimension. It is about focusing the signal itself. So it's not just focusing one dimension of the signal. It is focusing the signal. So now we have to understand what that means, and there's nothing in the specification that provides you any actual specificity on what does it mean to focus the entire signal. Well, the claim language says focusing to achieve or into a series of elongated signals. The language is the same in both Claim 1 and Claim 24. And given that Claim 1 restricts the focusing to one particular dimension, and given that the term focusing has to mean the same thing in both Claim 1 and Claim 24, by default, as long as we're interpreting the words the same. But you're focusing two different objects in the two different claims. One is focusing a particular dimension of the signal, and then the other one is focusing the signal. So there's one. The first one is an aspect of the signal, and the other one is the entire signal itself. That's the trouble the judge had. That's not clearly defined in the spec as to what does it mean to actually accomplish focusing of the entire signal. So the language is actually in both claims the same. It's focusing. And what are you focusing? The angularly dispersed wavelength signals. It's the same language in both claims. It's focusing in a particular dimension in Claim 1 of the wavelength signal. Right. So it's a particular dimension. Claim 24 is unrestricted. No restrictions on dimensionality. Therefore, it should cover both focusing in one dimension or focusing in two dimensions. That's actually the best intrinsic evidence that we have. I'm not sure that that's the correct construction of Claim 1. It mentions focusing in the direction. But that doesn't, to me, necessarily mean that it doesn't contemplate focusing serially in one dimension and then the other one. I mean, it's not 100% clear. It's focusing in one dimension. It doesn't spell out which dimension. It could be either. But it has to be one dimension to be contrasted with Claim 24 that has no restriction on the type of focusing or any dimensionality. Therefore, it should be given its full scope. In other words, it should cover focusing in at least one dimension. In other words, one dimension focusing or both dimensions focusing. Well, where in the specification does it say you can accomplish focusing the entire signal by focusing in one dimension and having divergence in the other dimension? And that would still constitute focusing the entire signal. There's no disclosure in the specification of that second dimension in terms of diverging light. But it's contrasted with collimation in the second dimension. Clearly, both embodiments teach focusing in one dimension, collimation in the other. They're different. And the word that the patent uses to contrast them is the word but. Therefore, the scope of this patent should cover at least these embodiments, focusing in at least one dimension, which is what's happening with respect to both of these embodiments. The problem that you run into when you start the construction issue from extrinsic evidence and take a construction from outside the context. And, for example, on this issue, under Nistica's position, collimation is a form of focusing. Is there a reason why the trial wasn't about Claim 1? I mean, Claim 1, we wouldn't be having this debate because Claim 1 specifically says focusing in the angular dimension. Yeah, that claim was taken out. Right. But it looks almost the same as the asserted Claim 24, except one says focus the entire signal. The other one just says focus just in this one dimension. Yeah. Well, it says focus the wavelength signals. It doesn't say all the signal. It says focus the wavelength signals into a series. That's broader than Claim 1. There's no restriction on dimensionality. And given that both embodiments teach one-dimensional focusing, that claim has to cover the embodiments. Therefore, that claim has to be broad enough and broader than Claim 1. Just one quick question. Column 5, this embodiment between lines 50 and 60, it talks about, like, starting at line 51, the spectral components are focused in the X dimension. And then the following sentence says, and then upon return, the spectral components are now collimated in the X dimension but continue to converge in the Y dimension so as to focus that dimension. And when I read those two sentences together, it looks like this embodiment is saying that you focus the signal in both the X and Y dimensions. Absolutely not. It contrasts collimation with focusing. Why? It says focus in the X dimension, and then it says converge in the Y dimension so as to focus that dimension. Yeah, so it's converging in the Y to focus that dimension. It's focusing that dimension associating convergence with focusing. But the prior sentence says the spectral components are focused in the X dimension. That's in the other component. Of course, there's focusing in various elements with respect to return through this lens, 113. It's teaching that we focus by converging in one dimension to make the elongation. The other dimension is collimated. Wait, wait, wait. I'm just trying to understand the words of this spec. Why isn't it telling me that you're focusing in the X dimension, it says the words right there, and it's focusing in the Y dimension? Because in the X dimension, it's focused before this mirror. It's actually focused before the mirror. There's a couple components. There's a spectral mirror that's actually doing the… But do you agree with me this embodiment in column 5 is contemplating the focusing of the spectral components in the X dimension and the Y dimension? Not with respect to the optical power element, the optical power. This is teaching focusing in only one dimension. The other dimension, the light is collimated. And so we have collimation… So your view is collimating isn't focusing. That's the explanation. That's not how this patent uses the term focusing. Because that's your view, right? Yeah. This view contrasts collimation, which is parallel, to convergence, which is focusing. If we considered collimating to be focusing… Pardon? If we considered collimating to be focusing, then Judge Chen would be right. The only way you get there… Is that yes or no? If you considered it, yes. The issue is it's extrinsic evidence. In this spec, in this specification, it's contrasting the two, so it's error to consider collimation a form of focusing. That's not how this spec uses the term. It contrasts the two, and therefore both embodiments are teaching focusing in only one dimension. Okay. I think we're out of time. We're way out of time. I know. I appreciate it. We'll give you two minutes for rebuttal. Thank you, Your Honor. Mr. Kramer. Good morning, Your Honors. Yes. You were exactly right in your conclusion in analyzing this record that FINISAR chose at its own peril to wait and first ask for the construction it now seeks after it saw what happened at the first trial. We had a Markman proceeding. Never, never throughout this case, not during Markman, not at summary judgment, at no time until after the first trial did FINISAR ask that the construction of focusing the angularly dispersed wavelength signals include in that construction, which would be the jury instruction, that this requires focusing in only or at least one dimension. That's when they first asked for it. And as Your Honors, I think, identified, that really is not the way to run patent cases, to have district court judges on the eve, literally days before going into a second jury trial. But what are we to do? Because she actually did issue a claim construction and then instructed the jury on that claim construction. Are we to pretend that didn't happen and it should just somehow be ripped out of the trial? No. No, Your Honor. So we're kind of stuck with the construction, right? She did give a construction. We believe it's the correct construction under the circumstances. We think that the arguments that she was required as a matter of law under O2 micro and so forth to address the issue of one dimension versus two is an incorrect statement of the law as applied to this case. Well, wait. Suppose that the original Markman hearing this issue had been raised. Wouldn't she have been obligated to resolve it then? She would be obligated to construe the claim at then or at whatever point in time she was to construe the claim. The question of whether she was required to decide whether focusing the angularly dispersed wavelength signals had a dimensionality requirement, whether she would have to say it requires one dimension or two dimensions, she never had that obligation. On this specification... No, but you're not answering my hypothetical question. Suppose they had raised this very issue at the original Markman and they said we want you to define focusing as being satisfied by focusing in a single direction. Would she have had to resolve that at that point? No, Your Honor. Not in our view. And the reason is because the specification itself, the claim itself, the claim, this claim, speaks of focusing the angularly dispersed wavelength signals, right? The entire signal. On that type of claim, that intrinsic evidence of what this claim is actually requiring focusing, it's completely appropriate and I believe correct for the judge to decide what focusing means. If the judge does not conclude that there's a dimensionality requirement, then there's no obligation to... That's resolving the issue. If that was her view at the original Markman hearing, then she would have said I don't think this claim includes a scope that would be satisfied by focusing only in a single direction, that the claim is directed to focusing the entire signal and therefore I'm going to reject your claim construction. She could have said that, right? And, Judge, she in effect did. If we look at Appendix 22, that's page 11 of the judge's JML order, Appendix 22. At the bottom, near the bottom of the page, line 26, Judge Freeman says, quote, The specification of the 599 patent never clarifies whether focusing occurs in one or both dimensions and the claims only indicate that focusing produces a series of elongated spatially separated wavelength signals. And she continues on the top of Appendix 23. Given this ambiguity and taking the plain meaning of, quote, focusing, end quote, in this context, it is not improper for the court to define focusing at a higher level rather than make a specific number of dimensions outcome determinative. Further, this does not exclude all disclosed embodiments. So am I to understand what Judge Freeman is saying is she couldn't go further with a deeper, more granular claim construction because there just wasn't enough material in the patent to give her the guidance to go ahead and shovel in a lot of details about dimensionality? Yes, Judge. And, in fact, she tells us that at Appendix 21 at line 15. This is also her JML order. She says, quote, Both parties' supplemental claim construction briefs addressed whether focusing required convergence in one or both dimensions. The court carefully considered these arguments and chose to adopt a higher level construction that addressed the wavelength signals as a whole, as opposed to its particular dimensions. Well, I'm not sure that's appropriate. I mean, I think if someone says this claim construction requires focusing only on one direction, in one direction it would seem as though if this were properly raised at the Markman hearing that she should have said that is not what the claim means, it is not satisfied by focusing in one direction. We have to focus on the overall issue of focusing of the signal, and that's my claim construction. And that's, in effect, what she did, Your Honor. They came in and said, Judge, construe the claim such that it would be satisfied if focusing occurs in at least one dimension. The judge, in deciding claim construction, said there's not evidence in the specification to support that construction. Therefore, she construed the term focusing the angularly dispersed wavelength signals as requiring focusing the entire signal. I'll tell you what the problem is. Claim construction is not supposed to be argued to the jury. What she did was to create a situation in which the parties were allowed to argue claim construction to the jury. That's not supposed to happen. That's not the jury's job. If this had been raised in a timely manner, I think she probably had an obligation to tell the jury what the construction was so that the parties wouldn't be arguing about claim construction in front of the jury. Judge Nistica agrees that claim construction should not be argued to the jury, but we respectfully disagree as to whether that occurred here. The judge construed focusing to mean making the wavelength signal clearer and more defined. Then what she sent to the jury was the factual issue of, on this accused product, is the wavelength signal, the signal itself as a whole, being made clearer and more defined? But it was argued before the jury as to whether the claim was satisfied by focusing in one direction. That was argued to the jury, right? As a factual matter, Your Honor, they were permitted. Well, it's not a fact matter. It's a question of claim construction. If that's the issue as to whether this claim was satisfied by focusing in one dimension, that's not an infringement issue. That's a claim construction issue. But because a party presents that I think the claim means it should be construed in one dimension, two dimensions, and so forth, if there's no evidence of that, nothing to support that in the specification, a district court judge would be well within her purview to look at the claim and say the claim says focus this claim, Claim 24, as opposed to Claim 1, which says, you know, focus in one dimension. This Claim 24 says focus the wavelength signal, focus the angular dispersed wavelength signals. It's a proper claim construction. All she has to do is say this claim is not directed to focusing in one direction. It has to look overall, and that's the appropriate claim construction. And then you don't get this situation before the jury where one party is saying, well, it's satisfied in one direction. That wouldn't have happened. Under this claim construction that Judge Freeman gave, a party could prove infringement, infringement could occur by focusing in either one dimension or two dimensions. That's what she said this claim means. So they had the ability as a factual matter, and they did argue to the jury, show evidence that there was, in their view, focusing in one dimension. What they argued to the jury was that the claim was satisfied by focusing in one dimension, right? I'm sorry, Judge? They argued to the jury that the claim was satisfied by focusing in one dimension, right? Yes. Well, she should have told the jury that if that was the correct claim construction, that that's not right, that it's not satisfied by focusing in one dimension. It requires that you look at the overall focus in both dimensions or look at the overall signal to see whether it's clearer or less clear. Judge, I understand your point. What she determined is that focusing in this claim requires making the signal clearer and more defined. She turned to a 20-page thorough declaration of an optics expert, Dr. Goosen, a Princeton PhD, a 15-year professor in optics who said that there's an understood meaning of the term focusing in this field, in the field of optics, that it means making clearer and more defined. And then she had in front of her a claim that requires focusing the angularly dispersed wavelength signals. Based on that, she said this claim means making the angularly dispersed wavelength signals clearer and more defined. She did not limit how that could be accomplished. She said as a factual matter, it could be accomplished by converging in a single dimension. It could be accomplished by converging or another optical function in both dimensions. That is a factual dispute for the jury to decide whether the wavelength signal has been made clearer and more defined by this optical element. Anything more? On that point, we don't, Your Honor. Your Honor, we believe that, Your Honors, we believe that in this case, Judge Freeman's construction, the subsidiary factual issues incorporated into Judge Freeman's claim construction should be reviewed under the TEVA standard for clear error. Here, Judge Freeman turned to extrinsic evidence, a declaration of Dr. Goosen, dictionary definitions of the term focusing, and NISTCA also presented in Dr. Goosen's declaration five other patents in the area of optics, very similar to this patent, which showed that focusing incorporates the concept of collimation, that it's a form of focusing. We'd ask that this be reviewed under clear error, under TEVA, rather than de novo. We have nothing further, Your Honor, unless you have questions. Okay. Thank you, Mr. Kramer. What's legally relevant is that she undertook claim construction prior to the second trial, whether it's on the eve of trial or a year before, she did it. She undertook that duty. She construed the meaning. With respect to the scope, she determined that she would not resolve that fundamental dispute as to whether the claim should be broadly construed to cover focusing in one or both dimensions, as Finistar was proposing, or whether NISTCA should be allowed to argue they have a defense because the scope should be restricted. She decided this she will leave open to the jury. That's where she ran afoul of O2 Micro. It now gave the parties, particularly NISTCA, the ability to argue they don't infringe because of what the patent says. The only dispute was over what the patent discloses and describes. There was absolutely no dispute over the function of this lens, this optical power element in the accused products. We all agree it converges in one dimension. With respect to the other dimension, we agree it's not converging. We agree there's some small amount of divergence. The only ability to argue there is no infringement is arguing over what the scope of these claims say. That isn't made more clear than in the closing argument that we cite at page 50 of the blue brief, where it's NISTCA arguing that you should not find infringement. It's page 48. It's starting out with all the embodiments of the patent. All the examples show focusing in two dimensions. When you analyze the product to think about how every single example in the patent shows focusing of the wavelength signals in both dimensions, that's claim construction. That's in error because the specification teaches focusing in only one dimension in both embodiments. The other dimension, it teaches collimation. The only dispute was won over claim construction. She decided she would not address this issue, and she's now going to let the jury decide whether or not there was infringement. Okay. We're out of time. Thank you very much, Mr. Rattlesnake. Thank both counsel. The case is submitted.